[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (PLEADING # 102)
Defendant Stop Shop Companies, Inc. has moved to strike the third count of the complaint on the ground the breach of an agreement to pay plaintiff Beverly M. Edmondson's expenses, which were incurred as the result of a fall on the defendant's Premises, is not an act or practice within the penumbra of the Connecticut Unfair Trade Practices Act. Conn. Gen. Stat.42-110b et seq. Because I have concluded that the plaintiff has failed to allege how defendant engaged in deceptive acts or practices in the conduct of its trade or businesses I have granted the motion to strike.
In the first of the three counts of the complaint, the plaintiff alleges she fell and was injured due to the defendant's negligence. In the second count, she alleges Stop Shop reneged on a promise to pay her expenses. In the third count, she alleges the defendant's conduct involved violations of the Connecticut Unfair Trade Practices Act. The agreement relating to the expenses is annexed to the complaint as Exhibit A. It provides that "Mrs. Edmondson's bill will be paid by the Stop Shop Co." and is signed by the night manager.
The Unfair Trade Practices Act addresses unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business. See Conn. Gen. Stat.42-110b(a). Other than alleging a breach of the agreement to pay the expenses, the plaintiff has failed to allege how defendant's breaching the agreement constituted unfair or CT Page 673 deceptive acts in the conduct of any trade or business. Since the defendant is not in the business of paying expenses incurred as the result of a fall, the mere allegation that the defendant's conduct involved violations of the Connecticut Unfair Trade Practices Act is insufficient.
The motion to strike is granted.
GEORGE N. THIM, JUDGE.